UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARRELL MCNARY,                )
                               )
            Plaintiff,         )
                               )    CAUSE NO. 3:17CV660-PPS
       vs.                     )
                               )
STEVEN PENNING, *et. al.*,     )
                               )
            Defendants.        )

## OPINION AND ORDER

Plaintiff, Darrell McNary, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983 against four Westville Correctional Facility officers arising out of an October 16, 2016, strip search. Pursuant to 28 U.S.C. § 1915A, I must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Under federal pleadings standards, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Instead, the plaintiff must provide sufficient factual matter to state a claim that is plausible on its face. *Ray v. City of Chicago*, 629 F.3d 660, 662-63 (7th Cir. 2011).

On October 16, 2016, McNary, along with other offenders at Westville, were searched following their shift working in the kitchen. Sgt. Talbot ordered all the offenders to strip, which prompted McNary to say, "I could file PREA," referring to an

administrative complaint under the Prison Rape Elimination Act. Talbot became angry and told Sgt. Flakes that McNary was claiming a PREA violation against him. McNary clarified that he was not claiming a PREA violation, but could. Talbot then went on to search McNary and confiscated his grey shorts, claiming they were altered, and issued a conduct report against McNary for unauthorized possession of altered property. Talbot then ordered McNary into a holding cell.

Sgt. Penning and Officer Frazier then entered the room and were told that McNary threatened to claim a PREA violation against Talbot. Penning began shouting at McNary and ordered him to strip naked and place his hands on the wall. McNary asked why he was being strip searched for a second time. In response, Penning said, "you claimed PREA against my sergeant and now you can claim PREA against me too." ECF 1 at 4. Penning proceeded to conduct a strip search of McNary. McNary sues the four officers that were present during his strip searches -- Sgt. Penning, Sgt. Geoffrey Talbot, Sgt. Flakes, and Officer Tristan Frazier -- for money damages.[1]

While McNary's complaint details many events that took place on October 16, 2016, the pleading is a bit vague as to what, exactly, he is suing about in this lawsuit.[2] He may very well be complaining about the first strip search conducted by Talbot. To the extent that he is, there is nothing impermissible about that search. Prison guards

---

[1] Although McNary names Flakes and Frazier as defendants, there are no allegations in the body of the complaint that either engaged in any wrongdoing. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

[2] It is worthy to note that McNary attached his prison grievance to the complaint. In it, he only complained about Penning's alleged retaliatory strip search. ECF 1-2 at 6.

have the authority to see McNary fully naked and to conduct searches for the security of the jail. *Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995). That is seemingly what happened during the first search. Therefore, the allegations about the first strip search do not state a claim upon which relief may be granted.

Next, McNary complains that Talbot lied when he told Flakes that "McNary was claiming PREA against him," when McNary only said that he *could* "file PREA." However, even if Talbot lied about what McNary told him, this is not actionable as a federal constitutional tort. *Paul v. Davis*, 424 U.S. 693, 712 (1976). Talbot's words are not a deprivation of liberty within the meaning of the due process clause. *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987). Therefore, this allegation also fails to state a plausible federal claim for which relief could be granted.

Finally, McNary complains that Penning conducted a second, retaliatory strip search of him. McNary alleges that he was previously strip searched by Talbot and that there was no reason for prison officials to conduct another strip search. Nevertheless, Penning conducted one in retaliation for him invoking the PREA. "To prevail on his First Amendment retaliation claim, [Mr. McNary] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted).

3

Even so, "[t]here is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977).

> Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation. Otherwise, the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection. This objective inquiry is not static across contexts, but rather must be tailored to the different circumstances in which retaliation claims arise. Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before a retaliatory action taken against them is considered adverse.

*Dawes v. Walker*, 239 F.3d 489, 493 (2nd Cir. 2001) (citations and quotation marks omitted); *see also Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982).

While prison officials are permitted to conduct strip searches for many permissible purposes, they are not allowed to do so in retaliation for inmates invoking their rights to file a complaint or grievance. *Mays v. Springborn*, 719 F.3d 631, 633 (7th Cir. 2013) (*citing Dobbey v. Illinois Dep't of Corrections*, 574 F.3d 443, 446-7 (7th Cir. 2009)). Here, taking McNary's allegations as true, as I must at this stage in the proceedings, it is plausible that Penning was motivated to strip search McNary because he engaged in protected First Amendment activity and that the strip search amounted to more than a *de minimis* level of imposition. Thus McNary will be granted leave to proceed on this claim against Penning.

ACCORDINGLY:

(1) plaintiff Darrell McNary is **GRANTED** leave to proceed against Sgt. Penning in his individual capacity for monetary damages for retaliating against him in violation of the First Amendment for invoking the PREA, by conducting an unnecessary strip search on October 16, 2016;

(2) all other claims are **DISMISSED**;

(3) the clerk and the United States Marshals Service are **DIRECTED** to issue and serve process on Sgt. Penning with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(4) Sgt. Penning is **ORDERED** to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

ENTERED: November 6, 2017        /s/ Philip P. Simon
                                 United States District Court Judge